UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DONNA SUE ATKINSON,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. EDCV 14-02337 (GJS)<br><br>MEMORANDUM OPINION AND ORDER |

## I.  PROCEEDINGS

Plaintiff Donna Sue Atkinson ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of her application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge, and a Joint Stipulation addressing disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISIONS

Plaintiff first applied for DIB on February 1, 2010, alleging disability since

March 9, 2009. (Administrative Record ("AR") 112-15). Following the denial of her application initially and on reconsideration, Administrative Law Michael D. Radensky ("ALJ") held a hearing at Plaintiff's request. (AR 25-53). On November 17, 2011, the ALJ issued a decision applying the five-step sequential evaluation process to find Plaintiff not disabled. (AR 8-20); *see* 20 C.F.R. § 404.1520(b)-(g)(1).[1] The Appeals Council denied Plaintiff's request for review on June 7, 2013. (AR 1-3).

Thereafter, Plaintiff appealed to the United States District Court (Case No. CV 5:13-cv-01361-AN). (AR 693-94). On March 3, 2014, the Court approved the parties' Joint Stipulation to Voluntary Remand Pursuant to Sentence Six of Title 42, United States Code, Section 405(g), and remanded the case for further proceedings. (AR 694-98). The Appeals Council then vacated the final decision of the Commissioner and remanded the case to the ALJ. (AR 699-703). Because significant portions of the psychological expert's testimony at the administrative hearing were not transcribed, the Appeals Council ordered the ALJ to conduct a new hearing, complete the steps of the sequential evaluation process as necessary, and issue a new decision. (AR 701-02).

On July 21, 2014, Plaintiff appeared and testified at a hearing with the assistance of counsel. (AR 617-43). On August 1, 2014, the ALJ issued a decision

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. § 404.1520(b)-(g)(1).

("Decision #2") denying benefits to Plaintiff. (AR 596-609). The ALJ determined that Plaintiff had the following severe impairments: morbid obesity; right shoulder impairment; and mood disorder. (AR 598). The ALJ found that Plaintiff's conditions did not meet or equal any of the impairments listed in Appendix 1 of the regulations. (AR 599). The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work (20 C.F.R. § 404.1567(b)), except that Plaintiff was limited as follows: occasional postural activities (i.e., climbing, balancing, stooping, bending, kneeling, crouching, and crawling); no climbing ladders, ropes or scaffolds; no work at unprotected heights or on dangerous machinery; and no repetitive and/or prolonged overhead work, bilaterally. (AR 600). The ALJ also found that Plaintiff was limited to non-complex tasks, is unable to perform tasks requiring hypervigilance, public contact, or significant teamwork, and cannot be responsible for the safety of others. (AR 600). The ALJ determined that Plaintiff is unable to perform her past relevant work, but is capable of making a successful adjustment to other work that exists in significant numbers in the economy. (AR 607-08). Therefore, the ALJ concluded that Plaintiff was not disabled at any time from Plaintiff's alleged onset date through her date last insured of December 31, 2013. (AR 609).

On October 15, 2014, Plaintiff filed a complaint before this Court seeking review of Decision #2. Plaintiff raises the following arguments: (1) the ALJ failed to properly consider the relevant medical evidence; and (2) the ALJ failed to provide adequate reasons for discrediting the subjective complaints of Plaintiff and the testimony of Plaintiff's husband. (Joint Stipulation ("Joint Stip.") at 5-11, 16-20). The Commissioner asserts that Decision #2 should be affirmed. 11-16, 20-26).

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial

evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV.   DISCUSSION

### A. Plaintiff's Medical Records

Plaintiff contends, *inter alia*, that the ALJ erred in failing to explain why the RFC assessment omitted findings of the consultative examining psychiatrist, Ijeoma Ijeaku, M.D. (Joint Stip. at 10-11). As discussed below, the Court agrees.

Dr. Ijeaku conducted a complete psychiatric evaluation of Plaintiff in December 2013. (AR 878-83). Dr. Ijeaku diagnosed Plaintiff with depressive disorder, not otherwise specified, rule out major depressive disorder without psychotic features. (AR 882). Dr. Ijeaku assessed Plaintiff as "moderately impaired" in the following functions: understanding, remembering, and carrying out detailed instructions; performing activities within a schedule and maintaining regular attendance; completing a normal workday/workweek without interruptions from psychiatric based symptoms; and responding appropriately to changes in a work setting. (AR 882). Dr. Ijeaku also assessed Plaintiff as "mildly impaired" in the ability to carry out simple instructions and maintain concentration, attendance, and persistence. (AR 882).

In Decision #2, the ALJ gave Dr. Ijeaku's opinion "great weight," finding that it was consistent with the medical evidence as a whole. (AR 606). However, the ALJ's RFC did not account for Dr. Ijeaku's opinion that Plaintiff has moderate limitations in performing activities within a schedule, maintaining attendance and

completing a normal workday/workweek.[2] (AR 600). Plaintiff contends that the ALJ erred by failing to offer any explanation as to why these limitations were omitted from the RFC.

A claimant's RFC is the most a claimant can still do despite her limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)); Social Security Ruling ("SSR") 96-8p (an RFC assessment is ordinarily the "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule"). In assessing a claimant's RFC, the ALJ must consider all of the relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a)(2), (3). If an RFC assessment conflicts with an opinion from a medical source, the ALJ "must explain why the opinion was not adopted." SSR 96-8p; *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (explaining that an ALJ is not required to discuss all the evidence presented, but must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence).

Here, although the ALJ purportedly gave great weight to Dr. Ijeaku's opinion, the ALJ erred by failing to explain why he did not include in the RFC assessment Dr. Ijeaku's findings that Plaintiff has moderate limitations in the ability to perform activities within a schedule, maintain regular attendance, and complete a normal workday and workweek without interruption from psychologically-based symptoms. *See* SSR 96-8p; *see also Vincent*, 739 F.2d at 1394-95. Moreover, the opinion of an examining doctor, such as Dr. Ijeaku, "can be rejected only for specific and legitimate reasons that are supported by

---

[2] In assessing Plaintiff's mentally-related functional limitations, the ALJ found that Plaintiff was capable of non-complex tasks, but Plaintiff could not be responsible for the safety of others, and was not capable performing tasks requiring hypervigilance, public contact, or significant teamwork. (AR 600).

substantial evidence in the record." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999) (citing *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Here, the ALJ erred by failing to provide any reasons for rejecting Dr. Ijeaku's opinion.

In response, the Commissioner contends that the ALJ's RFC accounted for all of the limitations assessed by Dr. Ijeaku. (Joint Stip. at 15-16). Specifically, the Commissioner argues that "Plaintiff's mild to moderate mental limitations were adequately captured by a restriction to non-complex tasks (i.e. simple, repetitive tasks). . ." (Joint Stip. at 15); *see Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding that a claimant's RFC for "simple, routine, repetitive sedentary work" adequately accounted for the claimant's limitations to "simple tasks" and work at a slow pace). The Commissioner's argument is not persuasive. Although the ALJ's RFC restriction for non-complex tasks may encompass the concentration, persistence, and pace limitations assessed by Dr. Ijeaku, *Stubbs-Danielson*, 539 F.3d at 1174, the RFC does not sufficiently account for Plaintiff's moderate limitations in performing activities within a schedule, maintaining regular attendance in the workplace, or completing a normal workday and workweek without interruption. *See*, *e.g.*, *Morinskey v. Astrue*, 458 Fed. Appx. 640, 641 (9th Cir. 2011) (finding ALJ erred by failing to analyze or make findings setting forth specific, legitimate reasons for rejecting the examining consultant's opinion that the claimant was moderately impaired in the ability to maintain regular attendance, sustain an ordinary routine, and complete a normal work day or workweek without interruption from his bi-polar disorder); *Padilla v. Colvin*, No. ED CV 14-1843-PLA, 2015 WL 3849128, at *5-6 (C.D. Cal. June 22, 2015) ("despite the ALJ's assertion that he afforded [the examining psychiatrist's] opinion significant weight . . . , the ALJ failed to explain why he apparently rejected and did not include in the RFC determination [the examining psychiatrist's] moderate limitations in the ability to perform work activities on a

6

consistent basis without special or additional supervision, and to complete a normal workday or work week due to her mental condition"); *Gloria v. Astrue*, No. C08-5714RJB-KLS, 2009 WL 1763301, at *14 (W.D. Wash. June 19, 2009).

The Commissioner further notes that "moderate" limitations in various areas of functioning, such as in the ability to maintain regular attendance or to complete a normal workday and workweek without interruption from mental symptoms, are not per se disabling. (Joint Stip. at 15-16 (citing Hearings Appeals and Litigation Manual I-2-5-20)). While Dr. Ijeaku's findings of moderate limitations do not necessarily indicate that Plaintiff is disabled, the ALJ's RFC assessment did not adequately reflect all of the limitations that were identified by Dr. Ijeaku. Because the ALJ did not offer any specific explanation as to why he implicitly rejected some of Dr. Ijeaku's findings, the ALJ's RFC assessment is not supported by substantial evidence. *See Vincent*, 739 F.2d at 1394-95; *see also Regennitter*, 166 F.3d at 1298-99.

## CONCLUSION AND ORDER

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of an

administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Harman*, 211 F.3d at 1180-81.

    IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order. [3]

DATED: October 05, 2015    _____

                                              GAIL J. STANDISH
                                              UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.